# EXHIBIT

# 1

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: **Middlesex** | Docket Number:<br>1681 CV00453 |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Jennifer Katz, Personal Representative of the Estate of Donald Cohen | Golden Gate National Senior Care, LLC and GGNSC Chestnut Hill, LLC |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Chester L. Tennyson, Jr. – Tennyson Law Firm, 425 Pleasant Street<br>Brockton, MA - 02301 | - <br> - |
| Board of Bar Overseers Number    494620 | |

## Origin code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (X)
- ☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass. R. Civ. P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B09 | Wrongful Death | ( A ) | ( X ) Yes  (   ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
#### (Attach additional sheets as necessary)

A.  Documented medical expenses to date:

| | | |
|---|---|--:|
| 1. | Total hospital expenses……………………………………………………………………………………….$ | 50,000.00 |
| 2. | Total Doctor expenses…………………………………………………………………………………………$ | 10,000.00 |
| 3. | Total chiropractic expenses……………………………………………………………………………………$ | 0.00 |
| 4. | Total physical therapy expenses……………………………………………………………………………..$ | 0.00 |
| 5. | Total other expenses…………………………………………………………………………………………..$ | 0.00 |
| | **Subtotal** $ | **60,000.00** |

| | | |
|---|---|--:|
| B. | Documented lost wages and compensation to date………………………………………………………….. $ | 0.00 |
| C. | Documented property damages to date……………………………………………………………………….. $ | 0.00 |
| D. | Reasonable anticipated future medical and hospital expenses……………………………………………... $ | 0.00 |
| E. | Reasonable anticipaged lost wages……………………………………………………………………………. $ | 0.00 |
| F. | Other documented items of damages (describe):  $ | 0.00 |

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe):
Wrongful death claim

| | | |
|---|---|--:|
| | $ | 0.00 |
| | **TOTAL** $ | **60,000.00** |

### CONTRACT CLAIMS
#### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL  $**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."**

Signature of Attorney of Record                                              DATE:        2/11/2016

A.O.S.C. 2003                                                                TurboLaw (800) 518-8726 – c.g.f.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                              SUPERIOR COURT DEPARTMENT
                                           OF THE TRIAL COURT
                                           CIVIL ACTION NO.

JENNIFER KATZ, PERSONAL
REPRESENTATIVE OF THE
ESTATE OF DONALD COHEN
     PLAINTIFF

         V.

GOLDEN GATE NATIONAL SENIOR CARE, LLC,
AND GGNSC CHESTNUT HILL, LLC
     DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

1.   The plaintiff is the duly qualified and appointed personal representative of the Estate of
     Donald Cohen resides in Newton, Massachusetts, County of Middlesex.

2.   The defendant Golden Gate National Senior Care, LLC is a limited liability company
     with its principal office at 7160 North Dallas Parkway, Suite 400, Plano Texas. Its
     resident agent within the Commonwealth of Massachusetts is Corporation Service
     Company, 84 State Street, Boston, Massachusetts, County of Suffolk.

3.   The defendant GGNSC Chestnut Hill, LLC, is a limited liability company with its
     principal office at 188 Florence Street, Chestnut Hill, Massachusetts, County of
     Middlesex. Its resident agent within the Commonwealth of Massachusetts is Corporation
     Service Company, 84 State Street, Boston, Massachusetts, County of Suffolk.

COUNT I:   CLAIM AGAINST GOLDEN GATE NATIONAL SENIOR CARE, LLC FOR
           NEGLIGENCE

1.   The defendant herein held itself out to be qualified to provide care for Donald Cohen and
     on dates including but not limited to March 12, 2013, so negligently provided such care
     that Donald Cohen suffered severe personal injuries, resulting in his death on March 18,
     2013.

2.    As a result of the death of Donald Cohen, the persons entitled to recover damages under
      M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance,
      society, companionship, comfort, guidance, counsel and advice, all to their great
      detriment and loss.

3.    As a further result of the negligence of the defendant herein, the plaintiff herein has
      become obliged to pay for the medical and hospital expenses incurred in an effort to treat
      the said Donald Cohen for the injuries caused by the defendant herein.

4.    As a further result of the negligence of the defendant herein, the plaintiff herein has
      become obligated for the funeral and burial expenses of the said Donald Cohen.

5.    As a further result of the aforesaid conduct on the part of the defendant herein, the said
      Donald Cohen suffered great pain of body and anguish of mind until the time of his death
      on March 12, 2013.


COUNT II:    CLAIM AGAINST  GOLDEN GATE NATIONAL SENIOR CARE, LLC FOR
             GROSS NEGLIGENCE

1.    The defendant herein held itself out to be qualified to provide care for Donald Cohen and
      on dates including but not limited to March 12, 2013, so grossly negligently provided
      such care that Donald Cohen suffered severe personal injuries, resulting in his death on
      March 12, 2013.

2.    As a result of the death of Donald Cohen, the persons entitled to recover damages under
      M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance,
      society, companionship, comfort, guidance, counsel and advice, all to their great
      detriment and loss.

3.    As a further result of the gross negligence of the defendant herein, the plaintiff herein has
      become obliged to pay for the medical and hospital expenses incurred in an effort to treat
      the said Donald Cohen for the injuries caused by the defendant herein.

4.    As a further result of the gross negligence of the defendant herein, the plaintiff herein has
      become obligated for the funeral and burial expenses of the said Donald Cohen.

5.    As a further result of the gross negligence of the defendant herein, the said Donald Cohen
      suffered great pain of body and anguish of mind until the time of his death on March 12,
      2013.

COUNT III:   CLAIM AGAINST GOLDEN GATE NATIONAL SENIOR CARE, LLC FOR
WILLFUL, WANTON AND RECKLESS CONDUCT

1.   The defendant herein held itself out to be qualified to provide care for Donald Cohen on
dates including but not limited to March 12, 2013, and in willful, wanton and reckless
disregard of its obligations, provided such care that Donald Cohen suffered severe
personal injuries, resulting in his death on March 12, 2013.

2.   As a result of the death of Donald Cohen, the persons entitled to recover damages under
M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance,
society, companionship, comfort, guidance, counsel and advice, all to their great
detriment and loss.

3.   As a further result of the willful, wanton and reckless conduct of the defendant herein, the
plaintiff herein has become obliged to pay for the medical and hospital expenses incurred
in an effort to treat the said Donald Cohen for the injuries caused by the defendant herein.

4.   As a further result of the willful, wanton and reckless conduct of the defendant herein, the
plaintiff herein has become obligated for the funeral and burial expenses of the said
Donald Cohen.

5.   As a further result of the willful, wanton and reckless conduct of the defendant herein, the
said Donald Cohen suffered great pain of body and anguish of mind until the time of his
death on March 12, 2013.

COUNT IV:   CLAIM AGAINST GGNSC CHESTNUT HILL, LLC FOR NEGLIGENCE

1.   The defendant herein held itself out to be qualified to provide care for Donald Cohen and
on dates including but not limited to March 12, 2013, so negligently provided such care
that Donald Cohen suffered severe personal injuries, resulting in his death on March 18,
2013.

2.   As a result of the death of Donald Cohen, the persons entitled to recover damages under
M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance,
society, companionship, comfort, guidance, counsel and advice, all to their great
detriment and loss.

3.   As a further result of the negligence of the defendant herein, the plaintiff herein has
become obliged to pay for the medical and hospital expenses incurred in an effort to treat
the said Donald Cohen for the injuries caused by the defendant herein.

4.   As a further result of the negligence of the defendant herein, the plaintiff herein has
become obligated for the funeral and burial expenses of the said Donald Cohen.

3

5.    As a further result of the aforesaid conduct on the part of the defendant herein, the said
      Donald Cohen suffered great pain of body and anguish of mind until the time of his death
      on March 12, 2013.

COUNT V:    CLAIM AGAINST GGNSC CHESTNUT HILL, LLC FOR GROSS
            NEGLIGENCE

1.    The defendant herein held itself out to be qualified to provide care for Donald Cohen and
      on dates including but not limited to March 12, 2013, so grossly negligently provided
      such care that Donald Cohen suffered severe personal injuries, resulting in his death on
      March 12, 2013.

2.    As a result of the death of Donald Cohen, the persons entitled to recover damages under
      M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance,
      society, companionship, comfort, guidance, counsel and advice, all to their great
      detriment and loss.

3.    As a further result of the gross negligence of the defendant herein, the plaintiff herein has
      become obliged to pay for the medical and hospital expenses incurred in an effort to treat
      the said Donald Cohen for the injuries caused by the defendant herein.

4.    As a further result of the gross negligence of the defendant herein, the plaintiff herein has
      become obligated for the funeral and burial expenses of the said Donald Cohen.

5.    As a further result of the gross negligence of the defendant herein, the said Donald Cohen
      suffered great pain of body and anguish of mind until the time of his death on March 12,
      2013.

COUNT VI:   CLAIM AGAINST GGNSC CHESTNUT HILL, LLC FOR WILLFUL,
            WANTON AND RECKLESS CONDUCT

1.    The defendant herein held itself out to be qualified to provide care for Donald Cohen on
      dates including but not limited to March 12, 2013, and in willful, wanton and reckless
      disregard of its obligations, provided such care that Donald Cohen suffered severe
      personal injuries, resulting in his death on March 12, 2013.

2.    As a result of the death of Donald Cohen, the persons entitled to recover damages under
      M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance,
      society, companionship, comfort, guidance, counsel and advice, all to their great
      detriment and loss.

4

3.   As a further result of the willful, wanton and reckless conduct of the defendant herein, the plaintiff herein has become obliged to pay for the medical and hospital expenses incurred in an effort to treat the said Donald Cohen for the injuries caused by the defendant herein.

4.   As a further result of the willful, wanton and reckless conduct of the defendant herein, the plaintiff herein has become obligated for the funeral and burial expenses of the said Donald Cohen.

5.   As a further result of the willful, wanton and reckless conduct of the defendant herein, the said Donald Cohen suffered great pain of body and anguish of mind until the time of his death on March 12, 2013.

WHEREFORE, the plaintiff herein demands a trial by jury and judgment and compensatory and punitive damages of the defendants herein, plus interest and costs.

By her attorney,

Chester L. Tennyson, Jr.
BBO No. 494620
clt@tennysonlaw.com
Tennyson Law Firm
425 Pleasant Street
Brockton, MA 02301
(508) 559-8678

Dated: February 12, 2016

5

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.......... MIDDLESEX .........., ss

No. 1681 CV 00453

Jennifer Katz, Personal
Representative of the Estate
of Donald Cohen .........., Plaintiff(s)

Golden Gate National Senior Care, LLC and
GGNSC Chestnut Hill, LLC, Defendant(s)

Golden Gate National Senior Care,
7160 North Dallas Parkway
Suite 400
Plano, TX 75024

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Chester L. Tennyson, Jr. ..................

.............................................. plaintiff's attorney, whose address is ...425 Pleasant St. .......
Brockton, MA 02301 ................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...Woburn, MA .........

.............................................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ......Woburn, MA ..................................................

the .........18th ............................................. day of ...February ...............................

....................., in the year of our Lord .....2016.......................... .

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: **Middlesex** | Docket Number:<br>68KV 00455 |
|---|---|---|

| PLAINTIFF(S)<br><br>Jennifer Katz, Personal Representative of the Estate of Donald Cohen | DEFENDANT(S)<br><br>Golden Gate National Senior Care, LLC and GGNSC Chestnut Hill, LLC |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Chester L. Tennyson, Jr. – Tennyson Law Firm, 425 Pleasant Street<br>Brockton, MA - 02301<br><br>Board of Bar Overseers Number    494620 | ATTORNEY (if known)<br>-<br>- |

### Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup. Ct. C. 231, s. 104
   (Before trial)     (F)
☐ 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C   (X)

☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial)     (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/
   Order (Mass. R. Civ. P. 60)     (X)
☐ 6. E10 Summary Process Appeal     (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B09 | Wrongful Death | ( A ) | ( X ) Yes    (   ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
### (Attach additional sheets as necessary)

| | | |
|---|---|---|
| A. | Documented medical expenses to date: | |
| | 1.       Total hospital expenses................................................................................$ | 50,000.00 |
| | 2.       Total Doctor expenses................................................................................$ | 10,000.00 |
| | 3.       Total chiropractic expenses.......................................................................$ | 0.00 |
| | 4.       Total physical therapy expenses...............................................................$ | 0.00 |
| | 5.       Total other expenses.................................................................................$ | 0.00 |
| | Subtotal   $ | 60,000.00 |
| B. | Documented lost wages and compensation to date.........................................$ | 0.00 |
| C. | Documented property damages to date............................................................$ | 0.00 |
| D. | Reasonable anticipated future medical and hospital expenses.........................$ | 0.00 |
| E. | Reasonable anticipated lost wages...................................................................$ | 0.00 |
| F. | Other documented items of damages (describe): | |
| | $ | 0.00 |
| G. | Brief description of plaintiff's injury, including nature and extent of injury (describe):<br>Wrongful death claim | |
| | $ | 0.00 |
| | TOTAL   $ | 60,000.00 |

### CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL   $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."**

| Signature of Attorney of Record | DATE:       2/11/2016 |
|---|---|

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL COURT
                                        CIVIL ACTION NO.

JENNIFER KATZ, PERSONAL
REPRESENTATIVE OF THE
ESTATE OF DONALD COHEN
    PLAINTIFF

      V.

GOLDEN GATE NATIONAL SENIOR CARE, LLC,
AND GGNSC CHESTNUT HILL, LLC
    DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

1.  The plaintiff is the duly qualified and appointed personal representative of the Estate of Donald Cohen resides in Newton, Massachusetts, County of Middlesex.

2.  The defendant Golden Gate National Senior Care, LLC is a limited liability company with its principal office at 7160 North Dallas Parkway, Suite 400, Plano Texas. Its resident agent within the Commonwealth of Massachusetts is Corporation Service Company, 84 State Street, Boston, Massachusetts, County of Suffolk.

3.  The defendant GGNSC Chestnut Hill, LLC, is a limited liability company with its principal office at 188 Florence Street, Chestnut Hill, Massachusetts, County of Middlesex. Its resident agent within the Commonwealth of Massachusetts is Corporation Service Company, 84 State Street, Boston, Massachusetts, County of Suffolk.

### COUNT I:   CLAIM AGAINST GOLDEN GATE NATIONAL SENIOR CARE, LLC FOR NEGLIGENCE

1.  The defendant herein held itself out to be qualified to provide care for Donald Cohen and on dates including but not limited to March 12, 2013, so negligently provided such care that Donald Cohen suffered severe personal injuries, resulting in his death on March 18, 2013.

1

2.  As a result of the death of Donald Cohen, the persons entitled to recover damages under M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance, society, companionship, comfort, guidance, counsel and advice, all to their great detriment and loss.

3.  As a further result of the negligence of the defendant herein, the plaintiff herein has become obliged to pay for the medical and hospital expenses incurred in an effort to treat the said Donald Cohen for the injuries caused by the defendant herein.

4.  As a further result of the negligence of the defendant herein, the plaintiff herein has become obligated for the funeral and burial expenses of the said Donald Cohen.

5.  As a further result of the aforesaid conduct on the part of the defendant herein, the said Donald Cohen suffered great pain of body and anguish of mind until the time of his death on March 12, 2013.

COUNT II:   CLAIM AGAINST  GOLDEN GATE NATIONAL SENIOR CARE, LLC FOR GROSS NEGLIGENCE

1.  The defendant herein held itself out to be qualified to provide care for Donald Cohen and on dates including but not limited to March 12, 2013, so grossly negligently provided such care that Donald Cohen suffered severe personal injuries, resulting in his death on March 12, 2013.

2.  As a result of the death of Donald Cohen, the persons entitled to recover damages under M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance, society, companionship, comfort, guidance, counsel and advice, all to their great detriment and loss.

3.  As a further result of the gross negligence of the defendant herein, the plaintiff herein has become obliged to pay for the medical and hospital expenses incurred in an effort to treat the said Donald Cohen for the injuries caused by the defendant herein.

4.  As a further result of the gross negligence of the defendant herein, the plaintiff herein has become obligated for the funeral and burial expenses of the said Donald Cohen.

5.  As a further result of the gross negligence of the defendant herein, the said Donald Cohen suffered great pain of body and anguish of mind until the time of his death on March 12, 2013.

2

COUNT III: CLAIM AGAINST GOLDEN GATE NATIONAL SENIOR CARE, LLC FOR
WILLFUL, WANTON AND RECKLESS CONDUCT

1.  The defendant herein held itself out to be qualified to provide care for Donald Cohen on
    dates including but not limited to March 12, 2013, and in willful, wanton and reckless
    disregard of its obligations, provided such care that Donald Cohen suffered severe
    personal injuries, resulting in his death on March 12, 2013.

2.  As a result of the death of Donald Cohen, the persons entitled to recover damages under
    M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance,
    society, companionship, comfort, guidance, counsel and advice, all to their great
    detriment and loss.

3.  As a further result of the willful, wanton and reckless conduct of the defendant herein, the
    plaintiff herein has become obliged to pay for the medical and hospital expenses incurred
    in an effort to treat the said Donald Cohen for the injuries caused by the defendant herein.

4.  As a further result of the willful, wanton and reckless conduct of the defendant herein, the
    plaintiff herein has become obligated for the funeral and burial expenses of the said
    Donald Cohen.

5.  As a further result of the willful, wanton and reckless conduct of the defendant herein, the
    said Donald Cohen suffered great pain of body and anguish of mind until the time of his
    death on March 12, 2013.

COUNT IV: CLAIM AGAINST GGNSC CHESTNUT HILL, LLC FOR NEGLIGENCE

1.  The defendant herein held itself out to be qualified to provide care for Donald Cohen and
    on dates including but not limited to March 12, 2013, so negligently provided such care
    that Donald Cohen suffered severe personal injuries, resulting in his death on March 18,
    2013.

2.  As a result of the death of Donald Cohen, the persons entitled to recover damages under
    M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance,
    society, companionship, comfort, guidance, counsel and advice, all to their great
    detriment and loss.

3.  As a further result of the negligence of the defendant herein, the plaintiff herein has
    become obliged to pay for the medical and hospital expenses incurred in an effort to treat
    the said Donald Cohen for the injuries caused by the defendant herein.

4.  As a further result of the negligence of the defendant herein, the plaintiff herein has
    become obligated for the funeral and burial expenses of the said Donald Cohen.

3

5.  As a further result of the aforesaid conduct on the part of the defendant herein, the said Donald Cohen suffered great pain of body and anguish of mind until the time of his death on March 12, 2013.

COUNT V:   CLAIM AGAINST GGNSC CHESTNUT HILL, LLC FOR GROSS NEGLIGENCE

1.  The defendant herein held itself out to be qualified to provide care for Donald Cohen and on dates including but not limited to March 12, 2013, so grossly negligently provided such care that Donald Cohen suffered severe personal injuries, resulting in his death on March 12, 2013.

2.  As a result of the death of Donald Cohen, the persons entitled to recover damages under M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance, society, companionship, comfort, guidance, counsel and advice, all to their great detriment and loss.

3.  As a further result of the gross negligence of the defendant herein, the plaintiff herein has become obliged to pay for the medical and hospital expenses incurred in an effort to treat the said Donald Cohen for the injuries caused by the defendant herein.

4.  As a further result of the gross negligence of the defendant herein, the plaintiff herein has become obligated for the funeral and burial expenses of the said Donald Cohen.

5.  As a further result of the gross negligence of the defendant herein, the said Donald Cohen suffered great pain of body and anguish of mind until the time of his death on March 12, 2013.

COUNT VI:   CLAIM AGAINST GGNSC CHESTNUT HILL, LLC FOR WILLFUL, WANTON AND RECKLESS CONDUCT

1.  The defendant herein held itself out to be qualified to provide care for Donald Cohen on dates including but not limited to March 12, 2013, and in willful, wanton and reckless disregard of its obligations, provided such care that Donald Cohen suffered severe personal injuries, resulting in his death on March 12, 2013.

2.  As a result of the death of Donald Cohen, the persons entitled to recover damages under M.G.L. c. 229 sec 2 have been deprived of said Donald Cohen's support, care, assistance, society, companionship, comfort, guidance, counsel and advice, all to their great detriment and loss.

4

3.   As a further result of the willful, wanton and reckless conduct of the defendant herein, the plaintiff herein has become obliged to pay for the medical and hospital expenses incurred in an effort to treat the said Donald Cohen for the injuries caused by the defendant herein.

4.   As a further result of the willful, wanton and reckless conduct of the defendant herein, the plaintiff herein has become obligated for the funeral and burial expenses of the said Donald Cohen.

5.   As a further result of the willful, wanton and reckless conduct of the defendant herein, the said Donald Cohen suffered great pain of body and anguish of mind until the time of his death on March 12, 2013.

WHEREFORE, the plaintiff herein demands a trial by jury and judgment and compensatory and punitive damages of the defendants herein, plus interest and costs.

By her attorney,

Chester L. Tennyson, Jr.
BBO No. 494620
clt@tennysonlaw.com
Tennyson Law Firm
425 Pleasant Street
Brockton, MA 02301
(508) 559-8678

Dated: February 12, 2016

5